**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel Rea COOPER, III, Defendant-
Appellant.**

No. 72–1350

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 25, 1972.

Barry R. Nager, Orlando, Fla.
(Court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Alan C. Todd, Asst. U. S.
Atty., Orlando, Fla., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant Samuel Rea Cooper, III, was convicted by a jury for the offense of unlawfully taking by force and intimidation money belonging to the College Park First National Bank of Orlando, Florida, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing said acts, assaulting and putting in jeopardy the life of Susan Smith by use of a dangerous weapon, a bomb, in violation of 18 U.S.C.A. § 2113(d).[1] The district court sentenced Cooper to an eighteen year term.

Appellant's first point is that the trial court erred in denying his motion for acquittal on grounds that the evidence was insufficient to convict him of the offense. We have carefully reviewed the record, viewing the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and have found unquestionably that there was sufficient evidence upon which the jury could convict appellant Cooper.

Appellant's second point of error is that the district court erred in its in-

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty. Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. This was the second count of a two count indictment. The first count charged a violation of 18 U.S.C. § 2113(a).

structions to the jury on the elements necessary to convict Cooper on counts 1 and 2 of the indictment. The court's charge on the essential elements of count 2 was as follows:

"You would have to find first that on or about October 20, 1971, at Orlando, Florida, the defendant did aid, abet, counsel, command, induce, or procure the taking from the person or presence of Susan Smith $5,030 in money belonging to and in the care, custody, control, management or possession of the College Park First National Bank, Orlando, Florida.

"Secondly, you would have to find that if such taking took place of such money from the person or presence of Susan Smith was done by force or violence or by intimidation.

"Thirdly, you would have to find that if the taking of the money from the person or presence of Susan Smith that the defendant did aid, abet, counsel, command, induce or procure the assaulting of Susan Smith as I shall define that term 'assault' for you.

"Fourthly, you would have to find that the defendant in so doing acted wilfully, unlawfully and with felonious intent as I shall define those terms.

"Fifthly, you would have to find that at such time, that on October 20, 1971, the deposits of the College Park First National Bank was then insured by the Federal Deposit Insurance Corporation."

Then the court later instructed on the term "assault":[2] Appellant contends that there is no mention in the charge that a deadly weapon is a necessary element to the obtaining of a conviction under count 2 of the indictment. Testimony at the trial indicated that a bomb

used in the robbery was really a simulated one incapable of deadly destruction. Section 2113(d) provides:

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

The question raised herein has created disagreement among various circuits. The Sixth Circuit, in United States v. Beasley, 438 F.2d 1279 (6th Cir., 1971), holds that in the statute the words "assaults any person" and "puts in jeopardy the life of any person by the use of a dangerous weapon or device" should be construed disjunctively and thus that it is unnecessary for the robber to possess an actual ability to inflict harm. The court therefore affirmed a conviction where a simulated bomb was used. The Eighth Circuit in Bradley v. United States, 447 F.2d 264 (8th Cir., 1971), took a contrary view.

█ We are bound, however, by prior decisions of our own circuit. In Baker v. United States, 412 F.2d 1069 (5th Cir., 1969), we held that a gun used in connection with a bank robbery was a dangerous weapon and that it was not necessary to prove the gun was loaded:

"A gun is commonly known, regarded and treated by society as a dangerous device by both the reasonable man and the person at whom it is pointed, without pause to determine whether a round is in the chamber. The primary capacity of a gun to harm—by the discharge of a bullet from the muzzle—plus its apparent capacity to

---

2. "Now, assault is defined as any willful attempt or threat to inflict injury on the person of another, when coupled with an apparent present ability to do so, or any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault. An assault may be committed without actually touch-

ing, or striking, or doing bodily harm to the person of another.

"So a person who has the apparent present ability to inflict bodily harm or injury upon another person and wilfully attempts or even threatens to inflict such bodily harm, may be found to have assaulted such person."

carry out that harm, combined with a highly charged atmosphere and the possibility of action by employees or others to prevent the robbery, is a complex of circumstances in which the person on the scene is in jeopardy of harm which may occur in any one of various ways." 412 F.2d at 1071–1072.

We thus hold that here the simulated bomb is much like an unloaded gun, and whether or not the statute is read disjunctively the "bomb" is a dangerous weapon which clearly puts life in jeopardy and may be the basis for an assault. See Thomas v. United States, 418 F.2d 567 (5th Cir., 1969). The district court, therefore, did not commit reversible error in its charge on the element of the assault.

Finding no merit in any other contentions raised by appellant, we affirm the conviction and the judgment of the district court.

Affirmed.