**UNITED STATES of America,**
**Appellee,**

v.

**Horsun HOWARD, Appellant.**
**No. 366, Docket 74–1282.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1974.

Decided Nov. 15, 1974.

---

Sanford M. Katz, New York City, for appellant.

Stephen M. Behar, Asst. U. S. Atty., (David G. Trager, U. S. Atty., for the Eastern District of New York, Paul B. Bergman and Gavin W. Scotti, Asst. U. S. Attys., on the brief), for appellee.

Before DANAHER,* FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

After a jury trial before Judge Walter Bruchhausen in the United States District Court for the Eastern District of New York, appellant Horsun Howard was found guilty on both counts of an indictment charging him with violations of 18 U.S.C. § 2113(a) (bank robbery) and 18 U.S.C. § 2113(d) (aggravated bank robbery).[1] Judgment of conviction was entered in October 1971,[2] and Howard was sentenced to concurrent 15-year terms on each count. Howard did not file a timely appeal, but in a petition under 28 U.S.C. § 2255 successfully sought permission to file an out of time appeal. 492 F.2d 1237 (2d Cir. 1974). Because Howard was convicted by a jury operating without adequate instruction as to the elements of the crimes charged, we find plain error and reverse and remand for a new trial.

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. These sections provide in relevant part:
   § 2113. Bank robbery and incidental crimes
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . . .
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   *    *    *    *    *
   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. The jury was unable to decide on the guilt or innocence of Fred Fernandez, Howard's co-defendant. Fernandez was convicted in two later trials, but both were reversed on appeal. United States v. Fernandez, 456 F. 2d 638 (2d Cir. 1972) (Fernandez I), and United States v. Fernandez, 480 F.2d 726 (2d Cir. 1973) (Fernandez II). In December 1973, Judge Weinstein of the Eastern District of New York dismissed the indictment against Fernandez because the Government failed to reveal certain information to Fernandez. This court has recently reversed that dismissal to give the Government another opportunity to disclose the information sought. United States v. Fernandez, 506 F.2d 1200 (2d Cir., 1974).

The bank robbery for which Howard was convicted took place on Christmas Eve, 1970. In about five minutes, four armed men took almost $15,000 from a Flushing, New York, savings and loan association. Five bank employees identified appellant at trial as one of the perpetrators of the crime. Surveillance photos taken during the robbery also indicated that Howard was among the robbers. In short, there was ample evidence to sustain a conviction had the jury been properly instructed.

When the trial judge gave the jury the case, his instructions were quite brief. In what was to be the only mention of the crimes charged, the court summarized the two counts of the indictment:

> In count one of the indictment, the defendants Fred Fernandez and Horsun Howard are charged with the crimes of knowingly and wilfully robbing the First Federal Savings & Loan Bank located at 4404 Kissena Boulevard, Queens, New York, on December 21st [sic], 1970, and taking therefrom approximately $15,000, and aiding and abetting in the commission of the robbery.

> In count two of the indictment, the said defendants are charged with the crimes of knowingly and wilfully placing in jeopardy the lives of employees of the bank and other persons present in the commission of the robbery and aiding and abetting.

The judge then went on to discuss aiding and abetting and the meaning of knowingly and wilfully. However, there was no further definition of the crimes charged, although the judge did explain to the jury such matters, among others, as the need to establish guilt beyond a reasonable doubt, the meaning of reasonable doubt, the nature of circumstantial evidence, and the credibility of witnesses. Of the 12 pages of charge, only the one-half page quoted above specifically described the offenses with which the jury was to concern itself.

■ Even a cursory reading of the bank robbery statutes indicates that more than the few short sentences of the charge quoted above are required. At the very least, this jury should have been told that it had to find, beyond a reasonable doubt, the following elements of the crime for Count One, charging a violation of section 2113(a): The defendants took money from a federally insured savings and loan association; the taking was accomplished through the use of force and violence, or by intimidation, and from the person or presence of individuals other than defendants; the money taken was in the care, custody, control, management or possession of the association; and the taking was done with wrongful intent, that is, knowingly and wilfully. United States v. Cooper, 462 F.2d 1343, 1344 (5th Cir.), cert. denied, 409 U.S. 1009, 93 S.Ct. 452, 34 L.Ed.2d 303 (1972); Scruggs v. United States, 450 F.2d 359, 361, 364 (8th Cir. 1971), cert. denied, 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972); 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 48.01 et seq. (1970). For Count Two, charging a violation of section 2113(d), the jury should have been instructed that, along with the elements specified above, it had to find that defendants assaulted or placed in jeopardy the lives of any person by use of a dangerous weapon or device. United States v. Marshall, 427 F.2d 434, 437–438 (2d Cir. 1970); Scruggs v. United States, supra; United States v. Cooper, supra.[3]

■ It is clear that the judge's charge did not cover all of these elements of the crime. The Government contends, however, that the error was harmless because the only truly contested issue for the jury was the identity of the bank robbers. While that may be substantially true, we do not think it

---

3. We do not suggest that, in addition, adequate elaboration of the above elements would also not be required, e. g., the meaning of "in jeopardy" as explained in United States v. Marshall, supra.

harmless error for a jury to find a man guilty of a federal offense without even knowing what the elements of the offense are. As we said only last year:

> If justice is to be done in accordance with the rule of law, it is of paramount importance that the court's instructions be clear, accurate, complete and comprehensible, particularly with respect to the essential elements of the alleged crime that must be proved by the government beyond a reasonable doubt . . . .

United States v. Clark, 475 F.2d 240, 248 (2d Cir. 1973). See also Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965). When Howard exercised his constitutional right to a jury, he put the Government to the burden of proving the elements of the crimes charged to a jury's satisfaction, not to ours or to the district judge's. Thus, even if we believe that there was overwhelming proof of the elements not charged, we must still reverse.

To be distinguished from this case is our recent decision in United States v. Pravato, 505 F.2d 703 (2d Cir. 1974), which also involved bank robbery. In that case, after telling the jury that it had to find, beyond a reasonable doubt, all the elements listed above, the court inadvertently said that the existence of force and violence was included in a stipulation of counsel, when no such agreement had been made. In refusing to reverse the conviction, we pointed out that defendant's attorney did not object to the charge, apparently for strategic reasons, and in fact referred, in his closing argument, to the possibility of misi-

dentification due to the "terror and fright" of the witnesses.[4] The difference between *Pravato* and this case is the difference between a jury knowing precisely what the elements of the crimes charged are (some of which, it is told, are conceded to have been proved) and deliberating upon that knowledge, and a jury operating almost completely in the dark. Notwithstanding defense counsel's failure to object during the trial here, we can only repeat what we said in United States v. Fields, 466 F.2d 119, 121 (2d Cir. 1972):

> This is not, after all, a case of nit-picking over nuances in a judge's charge; the errors go directly to a defendant's right to have the jury told what crimes he is actually being tried for and what the essential elements of those crimes are.

■ Accordingly, a new trial is required. In view of this disposition, we need not reach appellant's claims regarding the empaneling of the jury and the allegedly prejudicial effect on the jury of Howard's arrest on another charge outside the courtroom, but possibly viewed by some of the jurors.[5] For the guidance of the parties and the district court in this case, we note, however, that in any retrial we would expect the court, if requested, to charge the jury on the dangers of misidentification, as suggested in United States v. Evans, 484 F.2d 1178, 1188 (2d Cir. 1973), and in *Fernandez I*, 456 F.2d at 643–644.

Judgment reversed and case remanded for further proceedings consistent with this opinion.

---

4. To similar effect, see United States v. Boone, 401 F.2d 659, 662–663 (3d Cir. 1968), cert. denied, 394 U.S. 933, 89 S.Ct. 1205, 22 L.Ed.2d 463 (1969).

5. Howard also argues that in-court eyewitness identification was tainted by improperly suggestive photographs. Although the photographic display might possibly have been

more wisely selected, the witnesses who identified Howard from the pictures and at trial had ample time to study him during the commission of the crime. See *Fernandez I*, 456 F.2d at 642; *Fernandez II*, 480 F.2d at 736. We would, therefore, refuse to characterize the trial judge's admission of the in-court identifications as an abuse of discretion.