**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard D. SMITH, Defendant-Appellant.**

**No. 79–1810.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1981.

Decided March 2, 1981.

A masked man brandishing a pistol robbed a bank of over $25,000 on June 26, 1979 on Mercer Island near Seattle, Washington. An alarm was sounded and a policeman responding to that alarm saw the defendant run from the bank, leap into a green Camaro and speed away. Police pursuit lost the Camaro after a high-speed chase. However, an eagle-eyed citizen's tip minutes later led the police to where the defendant and the Camaro were hiding in a stranger's garage. The defendant was arrested and advised of his rights. He then admitted robbing the bank and directed the officers to where the money, mask and gun were hidden in the garage. The money included "bait bills." A police officer identified defendant at the garage as the same person he had seen running from the bank.

The defendant presents three assignments of error. First, he asserts error in the trial court's exclusion of evidence tending to show the defendant's diminished capacity as it bore on the intent element of the crime. Second, the trial court's instructions on the elements of the crime are challenged. Third, the defendant claims error in the trial court's exclusion of the diminished capacity evidence as it bore on the voluntariness of the defendant's confession.

The proffered evidence on diminished capacity could only be relevant on the intent element of § 2113(a) if § 2113(a) were a specific intent crime. In the Ninth Circuit, 18 U.S.C. § 2113(a) is a general intent and not a specific intent crime. *United States v. Lemon*, 550 F.2d 467, 470 n.1 (9th Cir. 1977); *United States v. Klare*, 545 F.2d 93, 94 (9th Cir. 1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1699, 52 L.Ed.2d 390 (1977) (per curiam); *United States v. Hartfield*, 513 F.2d 254, 259 (9th Cir. 1975); *United States v. Porter*, 431 F.2d 7, 10 (9th Cir.), *cert. denied*, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970). The exclusion of diminished capacity evidence on this point was proper.

Robert L. Butler, Seattle, Wash., argued, for defendant-appellant.

Jerry Olson, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT and NELSON, Circuit Judges, and THOMPSON,* District Judge.

BRUCE R. THOMPSON, District Judge:

Defendant-appellant Smith was convicted of violating 18 U.S.C. § 2113(a):

Whoever, by force and violence, or by intimidation, takes ... from the person or presence of another any property or money ... belonging to, or in the care, custody, control, management, or possession of, any bank ... (s)hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

We affirm the conviction.

.    .    .    .    .

* Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

■ The defendant argues that the instructions eliminated the general intent element of the crime and converted the crime into a strict liability offense. This argument is frivolous. The jury was instructed that the acts had to be done "knowingly" and that "knowingly" meant "voluntarily and intentionally." This is a perfectly adequate formulation of the idea of general intent. There was no error in the formulation of the instructions.

18 U.S.C. § 3501 governs the use of confessions in federal criminal trials. Section 3501(a) requires that a confession shall be given voluntarily, that the trial judge shall determine any issue of voluntariness before the confession is received in evidence, and that once the confession is in evidence the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to accord the confession the appropriate weight under the circumstances.

Here the defendant made no motion to suppress the confession. Furthermore, immediately before trial defense counsel stated to the trial judge: "We are not contesting the admissibility of the statements" (referring to defendant's confession), but "we are contesting it in terms of weight to be given the statements. . . ." Thus no issue of admissibility was raised prior to trial.

■ When the prosecution attempted to introduce the confession through the testimony of two officers, defense counsel objected that an insufficient foundation had been laid to show that the confession was voluntary, and this despite the earlier proof that full *Miranda* warnings had been given and defendant had indicated willingness to talk. No issue of inadmissibility as a matter of law on the grounds of involuntariness was ever raised at the trial. When the issue of admissibility is never raised, the trial court is not required *sua sponte* to hold a § 3501(a) voluntariness hearing in the absence of the jury. *United States v. Yamashita*, 527 F.2d 954, 955 (9th Cir. 1975) (per curiam).

■ When it is conceded that a confession or admission is admissible with a caveat that an attack will be made on its weight or credibility, the only preliminary foundation that need be laid by the prosecutor is that proper *Miranda* warnings were given and the elucidated rights were waived. There was no error in the admission of the confession.

Once a confession has been found to be admissible, the defendant is still permitted to present relevant evidence on the issue of voluntariness since the jury must decide how much weight to accord the confession. 18 U.S.C. § 3501(a); Fed.R.Evid. 104(e).

The defendant attempted to introduce testimony of family members about a recent automobile accident which had affected defendant's behavior, evidence about defendant's consumption of pain pills and alcohol, and expert psychiatric evidence. Defense counsel stated in an offer of proof that the psychiatrist would testify as to the state of mind of the defendant at the time of the confession and whether the defendant was acting in a voluntary manner while talking to the law officers.

■ The evidence of the family members and friends was properly excluded as irrelevant. None of these witnesses testified as to intoxication or drug use by the defendant on the day of the robbery and the testimony on personality changes did not indicate that the defendant had an impaired will or diminished intellect.

As to the expert psychiatric testimony, the trial judge excluded that evidence as irrelevant because it did not relate to:

the conditions under which the confession was given, whether the defendant was mistreated, whether he was advised of his rights, (and) whether he was given improper offers of reward . . . .

■ This is an incomplete list of the factors which can affect the weight to be given a confession. A confession is not voluntary "if it is made by a person whose mental condition at the time was such that 'the confession most probably was not the product of any meaningful act of volition.'"

United States v. Silva, 418 F.2d 328, 330 (2d Cir. 1969), *quoting*, *Blackburn v. Alabama*, 361 U.S. 199, 211, 80 S.Ct. 274, 282, 4 L.Ed.2d 242 (1960). The Ninth Circuit has also held that it is not only the lack of coercive factors or the spontaneity of the confession that bear on voluntariness, but also whether the confession was in fact "the product of a rational intellect and a free will" and not given as a result of "mental illness, use of drugs or extreme intoxication . . . ." *Gladden v. Unsworth*, 396 F.2d 373, 380–81 (9th Cir. 1968). There can be little doubt that, regardless of what weight the jury might have accorded this expert's testimony, it was certainly relevant evidence on the defendant's mental condition affecting the weight to be given to the confession. It was error to exclude this testimony.

■ An error as to the weight but not the admissibility of a confession is not an error of constitutional dimension. Where a non-constitutional error is charged, the conviction will be affirmed if the error is more probably harmless than not. *United States v. Berry*, 627 F.2d 193, 201 (9th Cir. 1980).

This is a case where the evidence of guilt is overwhelming even if the confession is ignored. Under the circumstances the exclusion of the expert evidence was harmless error. *See*, Fed.R.Evid. 103(a).

The conviction is affirmed. The mandate shall issue at once and this court suggests that the trial judge immediately reconsider the defendant's "at liberty on bond" status.