UNITED STATES of America, Appellee,

v.

James Edward DAVIS, Appellant.

No. 83-5282.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1984.

Decided July 18, 1984.

Parks N. Small, Federal Public Defender, Columbia, S.C., on brief, for appellant.

William C. Lucius, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

James Edward Davis appeals his conviction of entering a bank with the intent to commit a felony, in violation of 18 U.S.C. § 2113(a). His sole assignment of error is to the trial court's jury instruction on intoxication as a possible negation of the specific intent required to convict of this offense. We conclude that any error in the instruction was, under the circumstances, harmless, and accordingly affirm.

## I

The basic facts are undisputed. At 10:00 a.m. on August 19, 1983, Davis entered a branch of Southern Bank & Trust in Greenville, South Carolina, unarmed, undisguised, and unmasked. Inside, he approached a teller at her station, placed two paper bags on the counter and said, "fill them up." The teller smelled alcohol on his breath. She hesitated and Davis said, "I mean it." The teller left her station, went to another room, then returned to her station with a manager. When they returned, Davis had left without further statement or demand upon anyone, and without ever displaying any weapon. The two paper bags were left on the counter.

Outside, Davis got into a friend's 1973 Ford and drove off. Less than an hour later, he was located in a bar less than two miles away, where the teller identified him as the person who had accosted her in the bank.

Though at one point shortly after his arrest Davis denied his involvement, he did not deny it in his testimony on trial. Instead he admitted it, and rested his defense on a poignant account of his actual intent which, if accepted by the jury, could have resulted in his acquittal. His defense, frankly and straightforwardly presented in his own testimony (and corroborated to some extent by acquaintances) was that his intent in entering the bank was not to rob it but simply to trigger revocation of his extant parole from prison to gain reincarceration and the medical attention this would insure. He was an alcoholic, living on bare subsistence, largely by acts of private charity. He had twice served terms for bank robbery and had spent most of his recent imprisonment in hospitals because of his alcohol related medical problems. He was at the end of his rope and desperately chose this means of trying to get medical attention not otherwise possible to obtain. At the time he entered the bank he was, by his own testimony, not drunk, but he did not deny being to some extent under the influence. He left the bank, so he testified, because he realized he had scared the teller and did not mean to do that.

Despite the ambivalence created by his denial that he was drunk when he entered the bank and his testimony that he was indeed then sufficiently in possession of his faculties to form a specific nonfelonious intent for that entry, Davis specifically sought a jury instruction on the effect his intoxication might have, if sufficiently inca-

pacitating, to negate the specific intent requisite to his conviction. In response to his request, the trial judge gave the following instructions, taken directly from Devitt and Blackmar:

> Now there has been some evidence introduced that the defendant was intoxicated at the time of the commission of the crime charged in the indictment.
>
> Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of a crime may negate the existence of a specific intent.
>
> So, the evidence that a defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the defendant acted, or failed to act, with specific intent as charged.
>
> If the evidence in the case leaves you with a reasonable doubt whether because of the degree of his intoxication, the mind of the accused was capable of forming or did form specific intent to commit the crime charged, then you should acquit the defendant.

To this instruction, the court then added, at the government's request, and over Davis's objection, the following addendum, which is the basis of Davis's appeal:

> Drunkenness, while efficient to reduce or remove inhibitions, does not readily negate intent. *In order for you to find that the defendant was so intoxicated so as to negate the existence of a specific intent, you must find that he was intoxicated to the extent so as not to understand what he was doing or not to have the intention to commit the act alleged in the indictment.* (Emphasis added.)

## II

Davis claims two vices for the underscored portion of this addendum: (a) that it implies that only intoxication depriving of ability to form any intention could suffice to exonerate, and (b) that its form effec-

tively shifts to the defendant the burden to prove incapacitating intoxication, when the burden instead remains on the state to disprove such an effect once the issue is sufficiently raised.

We think the questioned portion does not have the first vice on any fair reading. It is phrased disjunctively—in both general and specific intent terms.

■■■■ The second alleged vice is not so easily dismissed. This instruction might well in some contexts have the constitutionally impermissible effect of shifting the burden of persuasion in a way requiring reversal and new trial. *See, e.g., United States v. Scott,* 529 F.2d 338 (D.C.Cir.1975). But we are required in assessing the prejudicial effect even of arguably constitutional error, i.e., whether it was "harmless beyond a reasonable doubt," *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), to look to the whole of the instructions and to the entire record. *See United States v. Hasting,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). On a review of the whole of pertinent portions of this record, we are persuaded that the alleged error does not warrant reversal and a new trial.

The questioned portion of the instruction, as the appellant concedes, does not by express language place the burden of proving incapacitating intoxication on the defendant. Rather, it is claimed, this was inevitably its implicit effect. We disagree.

The jury was expressly instructed "not to single out any one instruction alone as stating the law, but [to] consider [the] entire charge as a whole." Appendix at 153. The court also instructed the jury that the defendant is presumed innocent, and that he was under no duty to prove or produce evidence of his innocence.

With specific respect to the burden of persuasion, the court instructed the jury that the responsibility for proving the defendant's guilt beyond a reasonable doubt remained, at all times, that of the government. Specifically, the government had to prove beyond a reasonable doubt "that the

defendant entered the bank with the *specific intent* to commit a felony therein." (Emphasis added.) *Id.* 158. Immediately preceding the challenged instruction, the court told the jury:

> If the evidence in the case leaves you with a reasonable doubt whether because of the degree of his intoxication, the mind of the accused was capable of forming or did form specific intent to commit the crime charged, then you should acquit the defendant.

We are satisfied, in light of the entire charge and the evidence presented, that any technical error that might be found by implication in the challenged portion of the instructions did not prejudice the jury's consideration of the dispositive issue, and therefore, was harmless beyond a reasonable doubt.

AFFIRMED.