# UNITED STATES

## v.

## Donald Orlonzo JOHNSON.

### Crim. No. HM87–096.

United States District Court,
D. Maryland.

May 13, 1987.

Breckinridge L. Willcox, U.S. Atty., D. Md., Stephen L. Purcell, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Defendant Donald Orlonzo Johnson is charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of bank larceny in violation of 18 U.S.C. § 2113(b). Pending before the court is defendant's motion for a ruling that specific intent is one of the elements of § 2113(a) that the government must prove, and that a defendant can therefore raise the defense of voluntary intoxication to a charge of violation of § 2113(a). The court has reviewed the memoranda submitted by the parties and has determined that no hearing is required. Local Rule 6. The court is now prepared to rule.

The relevant paragraph of Section 2113(a) reads:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ...

shall be fined not more than $5,000 [1] or imprisoned not more than twenty years, or both.

The relevant paragraph of Section 2113(b) reads:

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 [2] or imprisoned not more than ten years, or both.

In 1971, this court held that a conviction under § 2113(b) required a showing of specific intent on the part of the defendant and that § 2113(a) did not require such a showing. *United States v. Williams*, 332 F.Supp. 1, 4 (D.Md.1971). In the *Williams* case, the court relied on Congress' language to arrive at its conclusion. Section 2113(b) explicitly adopts the common law requirement for larceny, that of specific intent to permanently deprive the owner of the property; the first paragraph of § 2113(a) does not have the specific intent language.[3] The court determined that the exclusion of the specific intent from § 2113(a) was intentional: "This differentiation shows careful draftsmanship. Entering and taking can be innocent acts, and therefore require felonious intent to constitute crime ... However, the other offenses [under 18 U.S.C. § 2113] describe acts which, when performed, are so unambiguously dangerous to others that the requisite mental intent element is necessarily implicit in the description." *Williams, supra.*, 332 F.Supp. at 3–4, *quoting from United States v. DeLeo*, 422 F.2d 487, 490–491 (1st Cir.1970), *cert. denied*, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). The court then rejected the defense of voluntary intoxication for violations under the first paragraph of § 2113(a).

Defendant makes three arguments. First, because the common-law offense of robbery requires specific intent, a specific intent requirement should be read into § 2113(a). *See United States v. United States Gypsum Co.*, 438 U.S. 422, 437, 98 S.Ct. 2864, 2873, 57 L.Ed.2d 854 (1978); *United States v. Morrissette*, 342 U.S. 246, 263, 72 S.Ct. 240, 249, 96 L.Ed. 288 (1952); *see also Prince v. United States*, 352 U.S. 322, 324 n. 2, 77 S.Ct. 403, 404 n. 2, 1 L.Ed.2d 370 (1957). Defendant next argues that, since *Williams*, two circuits, the Second and the Sixth, have now adopted this position. *United States v. Howard*, 506 F.2d 1131 (2d Cir.1974); *Hamilton v. United States*, 475 F.2d 512 (6th Cir.1973). Because the Fourth Circuit has not yet ruled on this issue, defendant urges this court to adopt the position he advocates. Finally, defendant argues that, because the Fourth Circuit has now ruled that § 2113(b) is a lesser included offense of § 2113(a), *United States v. Whitley*, 759 F.2d 327 (4th Cir.1985), that all of the elements required for § 2113(b), including a demonstration of specific intent, are logically required for § 2113(a).

The court finds that none of these three arguments is sufficient to cause the court to reverse its earlier ruling. First, even though the common law had a specific intent requirement for all robbery, Congress chose not to codify the common law with regard to specific intent when it wrote the first paragraph of § 2113(a). Since Congress explicitly included the specific intent requirement in two other offenses under the bank robbery statute, its exclusion from the other parts of the statute can only be seen as deliberate. To the extent that there is an "interpretative presumption" that an intent requirement exists in

---

1. Notwithstanding the figure in the statute, the alternative fines provision, 18 U.S.C. Section 3623, adopted October 30, 1984, makes the actual fine the greater of $250,000 or double the amount of money gained by the defendant or lost by the victim.

2. See note 1, *supra*.

3. The second paragraph of § 2113(a), not relevant to this case, makes criminal the entering of a bank with the specific "intent to commit ... any felony." Accordingly, specific intent must be shown under this paragraph, and voluntary intoxication is a defense. *United States v. Davis*, 739 F.2d 172 (4th Cir.1984); *United States v. Scott*, 529 F.2d 338 (D.C.Cir.1975).

§ 2113(a), the inclusion of a general intent requirement satisfies it. The *United States Gypsum* and *Morrissette* cases relied on by the defendant do not address the issue facing this court. In those cases, defendants successfully challenged so-called "strict liability" criminal statutes, which did not require a showing of any intent, and made no statement regarding the relative suitability of general as opposed to specific intent. *United States Gypsum, supra.,* 438 U.S. at 437, 98 S.Ct. at 2873; *Morrissette, supra.,* 342 U.S. at 263, 72 S.Ct. at 249.

The circuit court cases which defendant points to as support for his position do not squarely address the issue. The *Hamilton* case involved an unsuccessful challenge to a requested jury instruction on the "irresistible impulse" standard for insanity. The court merely observed in one sentence that the instruction on voluntary intoxication and its negation of specific intent was sufficient. *Hamilton, supra.,* 475 F.2d at 515. Further, although the facts indicate that the defendant could have been charged with § 2113(a), nowhere does the opinion state under which subsection of § 2113 defendant was being charged. The *Howard* case involved a successful challenge to jury instructions that failed to list adequately or explain any of the elements of the crimes charged. The Second Circuit then listed the elements of § 2113(a) and included in the list the fact that the "taking was done with wrongful intent, that is, knowingly and willfully." *Howard, supra.,* 506 F.2d at 1133. As support for its list of elements, the court cited Fifth and Eighth Circuit authority. However, since the *Howard* case was decided, the Fifth and Eighth Circuits have both explicitly adopted the position that § 2113(a) requires no showing of specific intent. *United States v. Emery,* 682 F.2d 493, 497 (5th Cir.1982), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982); *United States v. Johnston,* 543 F.2d 55, 58 (8th Cir.1976).

The *Hamilton* and *Howard* opinions offered by defendant in support for his position stand in sharp contrast to those of the other six circuits that have ruled on this issue. Expressly addressing the issue now in front of this court, these other courts have adopted the position taken by *DeLeo, supra.,* 422 F.2d at 490–491, and by this court in *Williams* and have held that no specific intent need be shown for § 2113(a). *Emery, supra.,* 682 F.2d at 497; *United States v. Smith,* 638 F.2d 131, 132 (9th Cir.1981); *United States v. Lewis,* 628 F.2d 1276, 1279 (10th Cir.1980), *cert. denied,* 450 U.S. 924, 101 S.Ct. 1375, 67 L.Ed.2d 353 (1981); *United States v. Brown,* 547 F.2d 36, 38 (3rd Cir.1976); *Johnston, supra.,* 543 F.2d at 58; *DeLeo, supra.,* 422 F.2d at 490–491. The court still finds this reasoning persuasive, and will not overrule its decision in *Williams* on this basis.

Because the court still finds this reasoning convincing, it will also not overrule the *Williams* decision because of defendant's third contention. The element that must be proved for both the greater offense in § 2113(a) and § 2113(b) is intent. The lesser offense of § 2113(b), taking of property, is an innocent act which only becomes criminal with the existence of criminal intent. Therefore, to obtain a conviction, the government must prove specific intent. However, the actions in § 2113(a) are criminal in themselves, and a showing of general intent suffices. *DeLeo, supra.,* 422 F.2d at 490–491; *Williams, supra.,* 332 F.Supp. 4.

For all of the reasons outlined above, the court concludes that it will not read a specific intent requirement in § 2113(a) and thus need not overrule its decision in *Williams.*

For the reasons outlined in the foregoing memorandum, it is this 13th day of May, 1987, by the United States District Court for the District of Maryland

ORDERED

1. that defendant's motion for a pre-trial ruling be, and hereby is, *Granted;*

2. that a crime committed in violation of the first paragraph of 18 U.S.C. § 2113(a) does not include, as one of its elements, a showing of specific intent on the part of the defendant;

3. that the defense of voluntary intoxication is not available as a defense to the first paragraph of 18 U.S.C. § 2113(a); and

4. that the Clerk of the Court shall mail copies of this memorandum and order to all parties.