[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16596
Non-Argument Calendar

_____

D. C. Docket No. 05-00043-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CINDY KAY HANNA,
a.k.a. Cindy Hanna,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 7, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Cindy Kay Hanna appeals her conviction for armed bank robbery and order

of restitution. Hanna argues that the district court erroneously denied a judgment of acquittal, abused its discretion in admitting certain evidence, and plainly erred in imposing restitution of $4102. We affirm.

## I. BACKGROUND

Hanna and another person robbed a bank in Pensacola, Florida. The two robbers drove a van to the bank and pulled into a drive-through lane. The driver put a bag and note in a teller drawer. The note contained a threat to detonate a bomb in the bank with a "remote" if a bank teller did not give them money. Two tellers saw Hanna, who sat in the passenger seat, hold an object that they believed to be a remote control device. It turned out there was no bomb and the detonating device was fake, but the tellers took the bomb threat seriously because a door had been left open during some construction. A teller gave the robbers money, who then escaped. Federal agents later arrested Hanna and charged her with bank robbery and armed bank robbery. 18 U.S.C. § 2213(a) & (d).

At trial, the government sought to introduce a letter that it alleged Hanna had written during her pretrial detention. Hanna's lawyer challenged the authenticity of the letter. The government did not know who first had received the letter and could not establish a chain of custody, but examination of the letter revealed that it was addressed to the office of the clerk of the federal district court where Hanna

2

was to be tried; the return address matched the address of a facility in Nebraska where Hanna had been detained before her transfer to Florida for trial; the postmark was from Omaha, Nebraska; and the writer attempted to exculpate Hanna in a way that suggested familiarity with her case. A federal agent testified that the signature on the letter appeared to be the same as a signature on a form that Hanna had signed in the presence of an agent. The district court admitted the letter.

After the government rested its case, Hanna moved for a judgment of acquittal. Fed. R. Crim. P. 29. Hanna argued that the evidence was insufficient to convict her of armed bank robbery because a remote control detonating device is not a dangerous weapon under the federal armed bank robbery statute. 18 U.S.C. § 2113(d). The district court denied Hanna's motion and a jury convicted Hanna of bank robbery and armed bank robbery.

A presentence investigation report stated that a bank teller had given the bank robbers $4102, the bank had reported a loss of $4102, and Hanna owed restitution of $4102. At sentencing, in response to an inquiry of the district court, Hanna affirmed that the presentence investigation report was accurate. The district court sentenced Hanna to 57 months of imprisonment, a period of supervised release, and $4102 of restitution.

## II. STANDARD OF REVIEW

We review <u>de novo</u> a denial of a motion for a judgment of acquittal and an interpretation of a statute. <u>United States v. Silva</u>, 443 F.3d 795, 796 (11th Cir. 2006); <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1556 (11th Cir. 1994). We review for abuse of discretion a determination of authenticity and "that determination will 'not be disturbed on appeal absent a showing that there is no competent evidence in the record to support it.'" <u>United States v. Green</u>, 40 F.3d 1167, 1173 (11th Cir. 1994) (quoting <u>United States v. Munoz</u>, 16 F.3d 1116, 1120–21 (11th Cir. 1994)). We review for plain error an objection to an order of restitution first raised on appeal. <u>Cani v. United States</u>, 331 F.3d 1210, 1212 (11th Cir. 2003).

## III. DISCUSSION

Hanna raises three issues. The first issue is whether the district court erroneously denied a motion for a judgment of acquittal. The second issue is whether the district court abused its discretion in admitting a letter that Hanna allegedly wrote. The third issue is whether the district court plainly erred when it ordered restitution of $4102. We discuss each issue in turn.

*A. The District Court Correctly Denied a Motion for a Judgement of Acquittal.*

Hanna argues that the evidence was insufficient to convict her of armed bank

4

robbery because a remote control detonating device for a bomb is not a "dangerous weapon" under the federal armed bank robbery statute. 18 U.S.C. § 2113(d). That argument fails. When Hanna brandished a remote control device, after threatening to use such a device to detonate a bomb in the bank, she committed the same offense and caused the same harm as if she had brandished the bomb that she threatened to detonate. See McLaughlin v. United States, 476 U.S. 16, 18 & n.3, 106 S. Ct. 1677, 1678 & n.3 (1986) (explaining that the "incitement of fear" by an "apparently dangerous article" is reason to consider it as a "dangerous weapon" under section 2113(d)). It is immaterial that the remote control detonating device was fake. See, e.g., United States v. Cooper, 462 F.2d 1343, 1345 (5th Cir. 1972) (concluding that a "simulated bomb" is a dangerous weapon); United States v. Spedalieri, 910 F.2d 707, 709 (10th Cir. 1990) (concluding that "a fake bomb, as a matter of law, may constitute a dangerous weapon"). The district court correctly denied a judgment of acquittal.

*B. The District Court Properly Admitted the Letter.*

Hanna argues that the district court abused its discretion in admitting the letter because it lacked authentication. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent

5

claims." Fed. R. Evid. 901(a). The district court did not abuse its discretion in concluding that the return address of the letter, the postmark, the content of the letter, and the testimony that the letter contained Hanna's signature were "evidence sufficient to support a finding" that Hanna wrote the letter.

*C. The Order of Restitution Was Not Plainly Erroneous.*

Hanna argues, for the first time on appeal, that the order of restitution of $4102 was erroneous because a bank manager testified at trial that the robbers took $2769, but the presentence investigation report stated that a bank vice-president reported a loss of $4102. Hanna fails to explain how it was error, much less plain error, for the district court to credit the uncontested presentence investigation report, which required extensive investigation. This argument fails.

**IV. CONCLUSION**

Hanna's conviction for armed bank robbery and order of restitution are **AFFIRMED.**