**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30170 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-05126-RBL-1 |
| v. | |
| KENNETH RANDALE DOOR, | ORDER |
| Defendant-Appellant. | |

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

The court's memorandum disposition filed on April 5, 2016, is hereby amended by deleting "As the *Vasquez* exception does not apply, we decline to review the forfeited claim," which is at the end of Paragraph 2, and adding the following language, which shall be placed immediately before Paragraph 3:

> Regardless of whether Door forfeited his *Miranda* claim by failing to file a timely motion to suppress, the government had a burden at trial to show that Door received adequate *Miranda* warnings (and that he waived his *Miranda* rights) before it could offer the statements at issue. *See, e.g.*, *United States v. Smith*, 638 F.2d 131, 133 (9th Cir. 1981). Door argues that the government failed to establish this foundation and, for that reason, the district court should not have admitted the statements. We agree that the government failed to meet its preliminary burden of showing that Special Agent Hansen provided Door with adequate *Miranda* warnings at the jail.

But Door's counsel did not raise this particular issue as a basis for excluding the statements at trial. We generally do not consider issues raised for the first time on appeal, and this case does not present circumstances analogous to those in which we have deviated from that norm. *See United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001).

Finally, even if Door's counsel raised this argument during trial, the district court's error was harmless beyond a reasonable doubt. The remaining evidence against Door, particularly his statements made over the phone while in pretrial detention, overwhelmingly established his guilt. *See United States v. Ramirez*, 710 F.2d 535, 542-43 (9th Cir. 1983).

Appellant's Petition for Rehearing is DENIED.

The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R. App. P. 35. Appellant's Petition for Rehearing En Banc is therefore DENIED.

Appellant may not file a subsequent petition for rehearing or rehearing en banc. *See* Ninth Circuit General Order 5.3(a)(2).