NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10040 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00319-JCM-GWF-1 |
| v. | |
| MARIA LARKIN, AKA Maria Bella-Larkin, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 6, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[***] District
Judge.

Maria Larkin was convicted of failing to pay tax penalties assessed by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 7201. She was sentenced to 12 months and 1 day of imprisonment. Larkin appeals several evidentiary rulings made by the district court before and during trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part with instructions for the district court to conform the written judgment to the oral pronouncement of sentence.

1.     This Court reviews a district court's decision to exclude expert testimony for an abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc). The district court did not err in excluding the testimony of four expert witnesses proffered by Larkin: (1) Michael Flakus, a former IRS manager; (2) Dr. Robert Hunter, a psychologist; (3) Michael Rosten, a CPA; and (4) Dr. Anthony Lucas, a professor of hotel administration.

Flakus was proffered to testify that restructuring a business facing tax problems is an accepted practice, if done correctly—that is, by appraising the value of any assets transferred to the new business and making arrangements to pay over to the IRS the value of the assets. However, Larkin never took any of these steps when restructuring her business. Furthermore, many other witnesses, including several IRS officers, also testified that restructuring a business is an acceptable practice, if done properly. Therefore, Flakus's testimony was irrelevant and cumulative. *See Hamling v. United States*, 418 U.S. 87, 127 (1974) (trial court has

considerable latitude to reject even relevant evidence if considered to be cumulative).

Larkin proffered that the rest of her experts would testify as to her excessive gambling, which Dr. Hunter attributed to a gambling disorder. However, the fact that Larkin has a gambling disorder does not tend to demonstrate that she lacked the intent to evade paying her tax penalties. *See United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999). There was also substantial evidence introduced at trial regarding Larkin's gambling activities, rendering further testimony by Larkin's experts on the matter cumulative. *See* Fed. R. Evid. 403.

Even if the district court erred in excluding Larkin's experts, any error was harmless because there was overwhelming evidence of Larkin's willful intent to evade paying her tax penalties. *See United States v. Smith*, 638 F.2d 131, 134 (9th Cir. 1981) (where evidence of guilt is overwhelming erroneous exclusion of evidence is harmless).

2.     "Whether limitations on cross-examination are so severe as to amount to a violation of the confrontation clause is a question of law reviewed de novo." *United States v. Vargas*, 933 F.2d 701, 704 (9th Cir. 1991). Unpreserved confrontation clause objections are reviewed only for plain error. *United States v. Macias*, 789 F.3d 1011, 1017 (9th Cir. 2015).

The district court did not err in limiting Larkin's cross-examination of three

government witnesses. Once John Filippello, one of Larkin's tax advisors, testified that the IRS had accused him of misconduct on "a couple of occasions," the jury had sufficient evidence from which to evaluate Filippello's biases and motivations. *See United States v. Bonanno*, 852 F.2d 434, 439 (9th Cir. 1988) ("[O]nce cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation [clause] demands are satisfied.").

Prohibiting Larkin from cross-examining IRS Officer Lavinia Brown by referring repeatedly to IRS history transcripts that were already in the record also did not constitute error because such evidence was cumulative. *See United States v. Gomez*, 846 F.2d 557, 559 (9th Cir. 1988) ("The court has considerable discretion to limit cross-examination in order to . . . avoid cumulative evidence."). Likewise, the district court properly precluded further cross-examination of Kathy Artuso, Larkin's personal host at the Palace Station Casino, regarding two email exchanges between her and Larkin, as there was already extensive evidence in the record regarding Larkin's gambling activities. *See id.*

3. Contrary to Larkin's argument, the district court also did not commit reversible error by allowing IRS Officer Luis Tejada to testify at trial on behalf of the government. Larkin fails to articulate how the verdict would have been different had she been given notice that Tejada would testify as an expert. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) ("[A]

4

violation of Rule 16 does not itself require reversal, or even exclusion of the affected testimony. [Defendant] must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules.") (citations omitted).

4.      The district court's failure to give an instruction on a good faith defense does not warrant a new trial in this case either. Larkin does not dispute that the district court properly instructed the jury as to "willfulness" under 26 U.S.C. § 7201. *See United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004) ("Our case law is well settled that a criminal defendant has 'no right' to *any* good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged . . . .") (emphasis in original) (collecting cases).

5.      Remand is required because the written judgment conflicts with the oral pronouncement of sentence. *United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (when there is conflict between the oral pronouncement and written judgment, the oral pronouncement controls). The district court imposed the following condition of supervised release at sentencing, but omitted it from the judgment:

> The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

On remand, the district court should include this condition in the judgment.[1]

**AFFIRMED in part; REMANDED in part with instructions.**

---

[1] Because we conclude that no new trial is warranted, this panel declines to address Larkin's request to define a "defendant's case-in-chief" under Federal Rule of Criminal Procedure 16(b)(1)(A).