**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>GILBERTO AYUN-FLORES, AKA<br>Gilberto Ayun-Osuna,<br><br>    Defendant-Appellant. | No.    18-50254<br><br>D.C. No.<br>3:16-cr-01115-BEN-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>GILBERTO AYUN-FLORES, AKA<br>Gilberto Ayon-Flores, AKA Gilberto Ayon-<br>Osuna, AKA Gilberto Ayun-Osuna, AKA<br>Gilberto A. Osona,<br><br>    Defendant-Appellant. | No.    18-50255<br><br>D.C. No.<br>3:16-cr-07106-BEN-1 |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted April 1, 2020[]
Pasadena, California

Before:  WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Gilberto Ayun-Flores (Ayun) appeals his conviction at trial for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.      The district court abused its discretion by prohibiting Ayun from introducing evidence of his schizophrenia at the second trial for the purpose of undermining the reliability of his confession.  *Crane v. Kentucky*, 476 U.S. 683, 688 (1986); *United States v. Smith*, 638 F.2d 131, 133–34 (9th Cir. 1981).  Although the district court was not required to allow *all* of the mental health professionals subpoenaed before the first trial to testify at the second trial, at least some testimony should have been permitted.  Evidence of Ayun's mental illness was relevant to the jury's evaluation of the reliability of his confession, *Smith*, 638 F.2d at 134, and its probative value was not substantially outweighed by any of the factors the district court cited in excluding it.  Fed. R. Evid. 403.

However, the error was harmless.  *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc) (holding that a non-constitutional error is

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

harmless if "it is more probable than not that the error did not materially affect the verdict"). Ayun's confession was relevant to two elements of the crime: (1) alienage and (2) failure to obtain the permission of the Attorney General to reenter the United States. The Government presented overwhelming evidence on both points.

On alienage, the Government introduced a sworn stipulation by Ayun in a previous proceeding in which he "admitted he [was] an alien, and not a citizen, of the United States." It also presented evidence that Ayun had been removed from the United States on several previous occasions, including only one month before his arrest on the present charge. None of the evidence presented at trial suggested that Ayun was anything other than an alien.

As for lack of permission to reenter the United States, a records custodian testified that there were no documents in Ayun's A-File indicating that he had sought or received permission to reenter, when such documents should have been in the file if they existed. Even assuming Ayun is correct that the jury could have reasonably concluded that the A-File was incomplete, there was also strong circumstantial evidence that Ayun lacked permission to reenter, including that he had been removed only one month before his arrest in this case and that he was found hiding in the brush approximately a mile north of the United States-Mexico border and four miles from the nearest port of entry. Considering this evidence,

3

the Government carried its burden of showing a "fair assurance" that the jury's verdict was not "substantially swayed" by the district court's error. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002).

2.     The district court correctly concluded that evidence of Ayun's schizophrenia was not admissible to show that he did not knowingly enter the United States. A defendant charged with a *specific* intent crime can raise a diminished capacity defense—that is, a defense that he lacked "the ability to attain the culpable state of mind which defines the crime." *United States v. Twine*, 853 F.2d 676, 678 (9th Cir. 1988). However, diminished capacity is not a defense to general intent crimes like being an alien found in the United States after removal, and therefore Ayun was not entitled to raise it. *See United States v. Castillo-Mendez*, 868 F.3d 830, 836 (9th Cir. 2017); *Twine*, 853 F.2d at 679.

Ayun argues that evidence of his mental illness was admissible to show that he did not act knowingly because he "was in a delusional state when he entered the United States, and . . . this delusional state made him act out of ignorance, mistake, or accident." Reply Br. 21–22. But this is simply a diminished capacity defense by another name, and the district court was therefore correct to preclude it.

**AFFIRMED.**

4