**Robert William GORMAN, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 662, Docket 71-1608.**

United States Court of Appeals, Second Circuit.

Argued March 3, 1972.

Decided March 15, 1972.

Daniel L. Schiffer, New York City, for petitioner-appellant.

Barry J. Cutler, Asst. U. S. Atty. (Stewart H. Jones, U. S. Atty. for the District of Connecticut, on the brief), for respondent-appellee.

Before MURRAH,* KAUFMAN and OAKES, Circuit Judges.

PER CURIAM:

We are concerned with the appropriate sentencing procedure where a defendant is convicted on two or more counts of an indictment charging violations of several provisions of the Federal Bank Robbery Act, 18 U.S.C. § 2113, all of which arise out of one criminal episode.

█ Robert Gorman was charged in a two count indictment relating to the robbery of the Connecticut National Bank in Ridgefield on September 8, 1964. Count One charged him with using force and violence to take money belonging to

* Senior Circuit Judge Tenth Circuit, sitting by designation.

the bank (robbery) in violation of § 2113(a). Count Two charged that Gorman carried away money belonging to the bank (in excess of $100) with intent to steal (larceny) in violation of § 2113(b). He was convicted by a jury on both counts, and in February 1965 Judge Zampano, obviously aware of the problem posed by pyramided or concurrent sentences under 18 U.S.C. § 2113, sentenced Gorman to fifteen years imprisonment on Count One at the same time that he suspended sentence on Count Two and placed the defendant on three minutes probation. The conviction was affirmed on direct appeal, without challenge to the sentencing. United States v. Gorman, 355 F.2d 151 (2d Cir. 1965), cert. denied 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027 (1966). An application for relief under 28 U.S.C. § 2255 was made in April 1971; Judge Zampano denied Gorman's application, and this appeal ensued. Gorman has abandoned the meritless claim presented below that his conviction on more than one count under the Federal Bank Robbery Act was improper. He focuses his attack here on the contention that he received pyramided sentences in violation of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) and its progeny. We agree, and accordingly vacate the suspended sentence and probation on Count Two. We see no reason, however, for disturbing the sentence on Count One.

Although Prince dealt with consecutive or accumulated sentences, the rationale of the Court made clear that the multiplicity of crimes detailed in the Federal Bank Robbery Act was intended to decrease the possibility of a bank robber not falling within the proscriptions of the statute, and not to increase his maximum punishment. This principle was quickly recognized to apply equally to concurrent sentences. See e. g. United States v. Tarricone, 242 F.2d 555 (2d Cir. 1957).

Judge Zampano found himself faced with a dilemma, for he was confronted with reconciling two conflicting principles—the principle layed down in Prince, and the requirement that a sentence on each count was necessary so that Gorman would be provided a final appealable judgment on his convictions. But even the suspended sentence and minimal probation on Count Two, in addition to the fifteen year sentence on Count One runs afoul of Prince. See Moore v. United States, 432 F.2d 730 (3d Cir. 1970), see also United States v. Corson, 449 F.2d 544 (3d Cir. 1971). But see United States v. Fried, 436 F.2d 784 (6th Cir. 1971).

■ Even if the procedure followed here were not violative of Prince, it would be undesirable because reversal of the conviction on Count One would have resulted in punishing Gorman merely with a suspended sentence and three minutes probation, a disposition clearly not justified and not intended by the district judge. We conclude that the sensible way out of the dilemma created by Prince while providing final appealable judgment on all the counts on which the defendant was convicted, is that adopted by the Third Circuit en banc in Corson, supra. That court decided that a single general sentence would be appropriate and advisable in all multi-count cases under the Federal Bank Robbery Act.[1]

---

1. Corson made clear that the single general sentence imposed by the district court could be for a term up to the maximum permissible sentence on the count carrying the greatest possible sentence. 449 F.2d at 551. In the event that one or more counts are reversed on appeal, resentencing may be required if the maximum permissible sentence on the count upon which conviction has been affirmed is shorter than the general sentence originally imposed. Such a resentencing would not present a double jeopardy problem any more than the resentencing which frequently occurs in 28 U.S.C. § 2255 proceedings to correct erroneous or illegal sentences. See Corson, supra, at 551.

We were informed at oral argument by the government that the Justice Department agrees with this procedure and urges the adoption of the general sentence procedures in all multi-count cases arising out of the Federal Bank Robbery Act.

**1260**

Thus, there would be no consecutive or concurrent sentences which would clash with the *Prince* rationale, and the purpose of the Act in providing various grounds of conviction would not be ignored.

Although we vacate the sentence on Count Two, it is not necessary in this case to disturb the fifteen year sentence on Count One; nor is it necessary to remand for resentencing. Judge Zampano's intentions were crystal clear, and remand would be needlessly time consuming and a meaningless act. *See* United State v. Tarricone, *supra,* United States v. DiCanio, 245 F.2d 713 (2d Cir.), cert. denied 355 U.S. 874, 78 S.Ct. 126, 2 L. Ed.2d 79 (1957); *see also* United States v. Marshall, 427 F.2d 434 (2d Cir. 1970).

Sentence on Count Two vacated.