**UNITED STATES of America,**

v.

**Clarence James JONES, Defendant.**

**No. 74 C 1542.**

United States District Court,
E. D. New York.

July 10, 1975.

Lee A. Adlerstein, Brooklyn (David G. Trager, U. S. Atty., of counsel), for the Government.

Harold M. Weiner, New York City (Coles & Weiner, New York City, of counsel), for petitioner.

## MEMORANDUM AND ORDER

DOOLING, District Judge.

Defendant Jones was indicted with others under 18 U.S.C. §§ 2113(a), 2113(d) and 371 for robbing a bank by force and violence, for putting human life in jeopardy by the use of a dangerous weapon in committing the bank robbery, and for conspiring to commit the bank robbery (68 CR 418). He was convicted on all three counts and on May 9, 1969, was sentenced to serve 20 years on Count 1 (§ 2113(a)), to serve 20 years on Count 2 (§ 2113(d)), and to serve a term of 5 years on Count 3 (§ 371), all three sentences to run concurrently. The sentences were imposed under 18 U.S.C. § 4208(a)(2).

The case was submitted to the jury with the instruction that if the jury were satisfied that the Government had proved the five elements of Count 1 (§ 2113(a)) beyond a reasonable doubt, they were to find the defendant guilty, but if they concluded that the Government had failed to prove any one of the essential elements of Count 1, then they would have to acquit both on Count 1 and Count 2.

" . . . since that count requires proof of all the elements of Count 1 plus one additional element."

As to Count 2, the jury were told that the essential elements of Count 2 were exactly the same as those of Count 1 "plus the element of putting life in jeopardy," and that the jury did not "reach Count 2 at all unless you are satisfied that the Government has proved all five elements of Count 1." The six essential elements of Count 2 were then specified, and it was again pointed out that each element of Count 1 was also in Count 2 and that the additional element of Count 2 was "the charge that life or lives were placed in jeopardy by using a dangerous weapon." That element was then explained.

As to the conspiracy count, it was explained to the jury that conspiracy is an offense separate from the commission of any offenses committed pursuant to it, and that the defendant could be guilty of conspiracy even though innocent of the bank robbery in the form charged either in Count 1 or Count 2.

While it is not clear beyond peradventure that the offense of § 2113(d) was not intended to be a distinct offense for which one could be cumulatively sentenced along with a sentence under the first paragraph of § 2113(a), it is generally supposed that the offense of § 2113(a), first paragraph, is a lesser in-

cluded offense within § 2113(d).* See *United States v. Harvey,* 3d Cir. 1971, 439 F.2d 142.

■ It has apparently never been doubted that indicting in two counts is correct and that both counts must then be submitted to the jury separately under the two subsections. The Government is not required to elect whether it will go to the jury under subsection (a) or subsection (d), and the practice in the Eastern District for some years at least has been to indict separately under each subsection. Verdicts on both counts are therefore plainly inevitable and perfectly in order. The Court is bound, then, to proceed to sentence adequately, so that there will be a legal sentence upon each of the two verdicts, and the defendant can appeal and the Government defend both verdicts. The problem is the formal one of making sure that process does not stultify itself because of the belief that the offense of subsection (a) first paragraph is a lesser offense included in the offense of subsection (d). In *United States v. Parson,* 9th Cir. 1971, 452 F.2d 1007, in which there were separate verdicts and judgments on Counts under § 2113(a) and (d) of 20 years to run concurrently, the Court said flatly that the sentences could not be permitted to stand because both charges necessarily merged into the more serious offense to form a single offense; the Court ordered both sentences vacated and the defendant resentenced on the (d) Count only. The result is as needless as it is absurd. *Gorman v. United States,* 2d Cir. 1972, 456 F.2d 1258, makes that clear. There one count was under subsection (a) (maximum 20 years) and the second count was under subsection (b) (maximum 10 years, no force, violence or intimidation involved). Having before him such a fail-safe sec-

ond count to back up the count under (a) of bank robbery by force and violence, Judge Zampano sentenced for the violent bank robbery and suspended sentence with minimal probation on the count under subsection (b). The Court of Appeals decided that the technique was unsatisfactory, since, if it had been necessary to reverse and dismiss Count 1, even though there was an undoubted "peaceable" bank robbery, the defendant could not have been given a sentence commensurate with the gravity of the offense under subsection (b) of the statute. And a reversal and retrial of the (a) Count might be barred by the verdict and sentence on the (b) Count in some instances. The Court in *Gorman* approved in a footnote a technique suggested by the Court of Appeals for the Third Circuit in *United States v. Corson,* 1971, 449 F.2d 544—the imposition of a single general sentence on all Counts not in excess of the maximum imposable under the most grievous Count. That was a case in which the trial court had imposed three consecutive sentences, ten years for entering a bank with intent to commit a felony (subsection (a) second sentence), five years for robbing the bank violently (subsection (a) first paragraph), and five years probation for jeopardizing human life during the robbery (subsection (d)). *Prince v. United States,* 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370, had already outlawed such consecutive sentences under Section 2113, and, of course, the sentence in *Corson* could not stand in the light of *Prince.* The Third Circuit Court declined nevertheless to view *Prince* (despite its "merger" language) as requiring the limitation of sentence to the most grave and inclusive count, invariably the Count under subsection (d) or subsection (e). The practical reason for

---

* It is perhaps better not to consider either or both of the second paragraph of § 2113(a) and § 2113(b) of this context; they can deal with wholly distinct sorts of offenses not remotely like what is commonly thought of as bank robbery by force and violence.

the Court's conclusion was that if the judgment on the single count had to be reversed (e. g., because of failure to prove the use of an operable dangerous weapon), the entire case would have to be retried—if retrial was not barred by the "judgment" on the included counts—even though the robbery in every other element had been proved by overwhelming evidence. The Court rejected, too, sentencing on one count only while probating on the other counts, for the very reason pointed out a little later in *Gorman*; then the Court said (449 F.2d at 551)

"... we think that the only practicable way of implementing *Prince* is to impose a general sentence on all counts for a term not exceeding the maximum permissible sentence on that count which carries the greatest maximum sentence. Should there be a reversal of one or more counts, there would be no bar to the district court's imposition of a new sentence so long as it did not exceed the maximum authorized by any of the remaining counts. Moreover, there would be no double jeopardy problem as long as the new sentence was the same as or less than that originally imposed."

The idea is plain enough, but the law is a little different. The maximum sentence under subsection (d) is 25 years and the other maxima under subsections (a) and (b) are 20 years, 10 years, and one year. The "general" sentence would often be illegal as to all counts except the Count under subsection (d). And there is the consideration that the "general" sentence might not be considered, on reflection, a valid form of sentence. What the Court had in mind was how best to protect the valid verdicts and the freedom to sentence correctly on remand. The requisite is a sentence or set of sentences that precisely fulfills what *Gorman* pointed out as the objective of (456 F.2d at 1259)

"... providing final appealable judgment on all the counts on which the defendant was convicted ...."

*United States v. Marshall,* 2d Cir. 1970, 427 F.2d 434, 438, illustrates such a sentence. After Marshall's conviction and concurrent sentences of twelve years under subsections (a) and (d) of Section 2113, Marshall appealed. He persuaded the Court of Appeals that the subsection (d) conviction was in error. The Court therefore vacated the subsection (d) conviction and affirmed that under subsection (a). Said the Court (427 F. 2d at 438):

"There is no reason to believe that the sentences imposed would have been any different had the jury acquitted under subsection (d) and convicted under subsection (a).

\* \* \* \* \* \*

"The convictions under Section 2113(d) are vacated; the convictions under Section 2113(a) are affirmed. As the sentences imposed were well within the limits set forth in Section 2113(a), there is no need for resentencing."

Yet in footnote 2 (427 F.2d at 435) the Court had noted that ordinarily an (a) conviction merges into a (d) "and the government concedes that sentence should have been imposed on one count only." Surely an improper sentence or, more correctly described, an impermissible judgment of conviction never suffered an odder or more useful fate than unanimous affirmance.

The cases do suggest that the practice adopted in the present case is not uncommon. *United States v. Howard,* 2d Cir. 1974, 506 F.2d 1131, 1132 (reversing on another ground concurrent sentences to the same number of years under subsections (a) and (d)); *United States v. Pravato, infra,* (concurrent sentences under subsections (a) and (d); "Judgment affirmed; sentence on Count One vacated"); *United States v. Stewart,* 2d Cir. 1975, 513 F.2d 957, 960–961 (concurrent ten year terms under subsections (a) and (d); reversal of the subsection (d) count narrowly avert-

ed on the "harmless error" ground, and the sentence under subsection (a)—which rescued the *Marshall* case from disaster—vacated as improper). The sentencing practice is old (see, *e. g., United States v. Nirenberg,* 2d Cir. 1957, 242 F.2d 632, 634) and useful. Compare: *United States v. Gaines,* 2d Cir. 1972, 460 F.2d 176, 178–179.

█ Such a sentence as was here used serves as a "general sentence," and, if the inclusive count and the conspiracy count are affirmed on appeal, it should be for the Court of Appeals to say whether the concurrent sentence on the lesser included count should be vacated or retained. *Cf. Gorman; United States v. Pravato,* 2d Cir. 1974, 505 F.2d 703, 705; *Stewart, supra.* Ordinarily the concurrent sentence on the lesser, included count will have served its purpose when the Court of Appeals judgment becomes final, but there may be occasions when post-conviction remedies may threaten, and counsel a different course.

Petitioner could have asked on the appeal to have the sentence on the (a) count vacated and he did not. Since under the cases re-sentence is not required or proper, there is no occasion to disturb the old judgment. The result of such appellate cases as *Gorman, Pravato,* and *Stewart* is not to make vacatur automatic in the Court of Appeals and is certainly not to authorize this court to re-sentence on a judgment that the Court of Appeals has affirmed. *United States v. Munn,* 10th Cir. 1974, 507 F.2d 563, 569; *United States v. Leyba,* 10th Cir. 1974, 504 F.2d 441, 443–444; and *United States v. Delay,* 8th Cir. 1974, 500 F.2d 1360, 1367–1368 do not suggest anything different.

It appearing on the face of the record here that the sentence imposed should not be vacated by this Court and that no hearing is necessary and no re-sentence required, it is

Ordered that the motion under 28 U.S.C. Section 2255 to set aside the sentence imposed on August 8, 1969, is denied.