UNITED STATES of America, Appellee,

v.

Jeffrey L. JONES, also known as Jeffery Carruthers, Appellant.

No. 94–1390.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1994.

Decided Sept. 6, 1994.

James E. Olson, Kansas City, MO, argued, for appellant.

Christina Y. Tabor, Kansas City, MO, argued (Stephen L. Hill, Jr. and Christina Y. Tabor, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, and HENLEY and JOHN R. GIBSON, Senior Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jeffrey L. Jones was charged with assault on a federal officer, unlawful acquisition of food stamp coupons, and use of a firearm during an assault on a federal officer. The government alleged that he drew a gun on an undercover United States Department of Agriculture Agent and an undercover Kansas City narcotics police officer while they were attempting to purchase drugs with food stamps. Prior to trial, the district court[1] granted his motions in limine, excluding evidence of certain prior bad acts, and admonished the prosecutor to refrain from characterizing the case as a "drug case" before the jury. After a jury trial, Mr. Jones was convicted on all three counts. He now appeals, claiming that the prosecutor was guilty of misconduct by intentionally violating the pretrial rulings, and that the evidence was insufficient to sustain a conviction for the use of a firearm.

## I.

Of Mr. Jones's three issues on appeal, the first two, namely, the prosecutorial misconduct allegations, may be addressed together. Mr. Jones asserts that the prosecutor attempted to characterize the case as a "drug case" after the court had admonished her to avoid such characterizations, and that the prosecutor introduced evidence that was ruled excluded prior to trial. We address each charge of misconduct in turn.

## A.

■ In opening statement, the prosecutor explained that the purpose of the relevant Department of Agriculture investigation was to look into the unlawful trafficking of food stamps in exchange for illegal drugs, and that, for this reason, the Department's agent was working with an undercover Kansas City narcotics policeman. Because these remarks were not contemporaneously objected to, we review them for plain error. *Higgins v. Hicks Company,* 756 F.2d 681, 684 (8th Cir.

1985). "Plain error has occurred when the error so seriously affected the fairness or integrity of the trial that it produced a miscarriage of justice." *Herndon v. Armontrout,* 986 F.2d 1237, 1240 (8th Cir.1993). It was not plain error for the court to allow the prosecutor to advert to the circumstances surrounding the investigation which led to Mr. Jones's arrest. Besides, because of the overwhelming evidence of Mr. Jones's guilt of the crimes charged, any error in permitting the prosecutor to place the facts of the case in context was harmless.

■ One contemporaneous objection was made with respect to the mention of drugs. On direct examination of the Kansas City police officer, the prosecutor asked him to describe the events that led up to the armed robbery of the agriculture agent. He began to describe a conversation between the agent and Mr. Jones concerning a cocaine purchase when Mr. Jones's attorney objected. The district court sustained the objection on the grounds that the discussion of a cocaine transaction was irrelevant where the government had not brought a drug charge against the defendant. This lone mention of cocaine by a witness in response to a general request by the prosecutor to describe events can hardly be characterized as improper conduct by the prosecutor. Furthermore, Mr. Jones fails to show how this remark rendered the results of his trial unreliable.

■ Mr. Jones also complains that the trial court failed to give an instruction on the fact that this was not a drug case. This argument is without merit because Mr. Jones failed to propose or suggest any instruction on the matter when the court held its instruction conference.

## B.

■ Mr. Jones also points to the prosecutor's attempt to introduce certain evidence from his past as an intentional violation of pretrial orders, thereby constituting prosecutorial misconduct. In the pretrial conference, the district court granted Mr. Jones's

---

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

motions in limine to exclude evidence of a 1975 armed robbery conviction, a 1984 misdemeanor assault conviction, and an alleged 1992 conviction for carrying a concealed weapon.

During cross examination of Mr. Jones, the prosecutor asked him whether he had ever had anyone point a gun at him. In response to his denial, she proceeded to impeach him with an allegation that he had, in fact, once had a gun pointed at him "in July of 1985." Mr. Jones's counsel objected. The district court sustained the objection, but not because the evidence at issue was the subject of a pretrial ruling. Instead, the court noted that while the evidence might have been of marginal relevance, any probative value was outweighed by its potential to prejudice the jury. We note that the question was not contrary to the pretrial orders, since none of the motions in limine mentions any 1985 incident where Mr. Jones was the victim of an assault. While the question may have been highly argumentative, we do not find that it rises to the level of improper conduct. Even if it were improper conduct, the evidence of Mr. Jones's guilt was overwhelming. Any error with respect to this question, therefore, was harmless.

## II.

Finally, Mr. Jones challenges the sufficiency of the evidence that he used a firearm during an assault on a federal officer. He notes that the government produced no weapon at trial, and that although the witnesses said that they saw a gun, they could not have determined that it was a real gun, as opposed to a toy or a replica. In reviewing claims of insufficient evidence, we view the evidence in the light most favorable to the government, and must affirm if there is substantial evidence to support the jury's verdict. *U.S. v. Marx,* 991 F.2d 1369, 1372 (8th Cir.1993).

The government need not produce a gun at trial in order to prove beyond a reasonable doubt that a gun was used in the commission of a crime. *U.S. v. Pratt,* 31 F.3d 625, 627–28 (8th Cir.1994); *U.S. v. Kirvan,* 997 F.2d 963, 967 (1st Cir.1993). In

*Kirvan,* the court reasoned, we believe correctly, that the detailed testimony by two lay witnesses that the weapon appeared to be a real gun was sufficient to support a jury's determination that the gun was real, and not a replica or a toy. The evidence of the existence and authenticity of the gun in the case before us is at least as substantial as that in *Kirvan.* Here, two trained law enforcement officials saw the gun at close range for an extended period of time. Both had it pointed directly at them, and one even had it pressed against his cheek for several minutes. His detailed description of the "cold steel" that he felt was every bit as reliable as that of the lay witnesses in *Kirvan,* particularly when corroborated by the testimony of the federal agent. We hold, therefore, that the evidence of Mr. Jones's use of a real gun is substantial.

## III.

For the foregoing reasons, we affirm the judgment of the district court.