

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-1996

# United States v. Beverly

Precedential or Non-Precedential:

Docket 96-1420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Beverly" (1996). *1996 Decisions*. Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 96-1420


UNITED STATES OF AMERICA

v.

DAMON BEVERLY,

Appellant



On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 95-cr-00091)



Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 1996

Before:  SLOVITER, Chief Judge,
McKEE and ROSENN, Circuit Judges

(Opinion filed November 7, 1996)

William T. Cannon
Philadelphia, PA 19107

        Attorney for Appellant

Michael R. Stiles
  United States Attorney
Walter S. Batty, Jr.
  Assistant United States Attorney
  Chief of Appeals
Jo W. Faber
  Assistant United States Attorney
Philadelphia, PA 19106

        Attorney for Appellee

                    OPINION OF THE COURT


SLOVITER, Chief Judge.
        Appellant Damon Beverly was convicted following a jury
trial in the Eastern District of Pennsylvania of both counts of a

two count indictment charging him with robbery of a postal letter carrier of mail matter and property, in violation of 18 U.S.C. § 2114 (Count One), and with the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). Beverly was sentenced to incarceration of 110 months on Count One, to be followed by a consecutive sentence of 60 months incarceration on Count Two, ordered to pay a fine of $1,000.00 and a special assessment fee of $100.00, and ordered upon release from prison to serve a period of three years of supervised release.

There was ample testimony, in particular the testimony of the victim mail carrier, of Beverly's involvement in the crime. His appeal is limited to a challenge to the sufficiency of the evidence to convict him of the crime charged in Count Two. He contends that the government failed to prove beyond a reasonable doubt that the device described by the robbery victim at trial as a gun meets the statutory definition of "firearm" as contained in 18 U.S.C. § 921(a)(3). Thus, he contends that his conviction should be vacated and his case remanded for re-sentencing.

The testimony shows that on December 20, 1994, Beverly and another man approached a U.S. Postal Service letter carrier, James McCullough, who was making mail deliveries in the Philadelphia area. McCullough testified that the taller of the two men, later identified to be Beverly, asked about the contents of McCullough's mailbag, lifted up his shirt to reveal a gun in the waistband of his pants, and said: "Be cool. Don't do anything." App. at 37. After the shorter man took $20.00 from McCullough's trousers, Beverly ordered McCullough to accompany him and made several threatening statements to McCullough while walking, including, "I have already killed motherfuckers. Do you want to be number eight? I should pop you right here." App. at 38. McCullough testified that he was "scared" at the time. Id.

McCullough was forced to walk several blocks with his assailants to a waiting car, where he was told to get into the back seat. A third individual occupied the driver's seat of the automobile. When the car started moving, Beverly, who sat in the front seat, ordered McCullough to pull down his socks and empty his pockets, and stated, "I should pop you right here. I should cap you right now." App. at 40. McCullough testified that Beverly "took [the gun] out so I could see it in the split of the front seat." App. at 41. McCullough described the gun as a chrome-plated revolver. Id.

The assailants continued to drive McCullough around for approximately eight minutes, and when they dropped him off Beverly instructed him to "Forget about this. Forget what we look like, who we are, you know. If not, we know where your route is. We will come back and get you and kill you." App. at 42. Beverly was arrested several days later, but the gun was never recovered.

Beverly, who testified on his own behalf, denied participating in the robbery. He does not repeat that contention on appeal, focusing, as we set forth above, on Count Two.

When reviewing a jury verdict to determine whether the

evidence presented at trial was sufficient to support the conviction, we must "'view the evidence in the light most favorable to the prosecution'." United States v. Messerlian, 832 F.2d 778, 789 (3d Cir. 1987) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). The verdict must be sustained if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'." Id.(quoting Jackson, 443 U.S. at 319, 99 S. Ct. at 2789).

18 U.S.C. § 924(c)(1), in relevant part, imposes a five year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." Another section of the statute defines a firearm as:

> (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. . . .

18 U.S.C. § 921(a)(3).

In this case, the only evidence presented with respect to the firearms charge was the testimony of McCullough that Beverly threatened him with a gun during the course of the robbery, and that the gun, which was displayed in the car, was a chrome-plated revolver. Although Beverly argues on appeal that this testimony is inadequate since McCullough did not testify as to the gun's weight, length, or to the fact that he saw the gun for more than a "fleeting glance," Appellant's Brief at 28, several other courts of appeals have held evidence substantially similar to that presented in this case was sufficient to sustain a conviction under § 924(c).

In Parker v. United States, 801 F.2d 1382 (D.C. Cir. 1986), cert. denied, 479 U.S. 1070 (1987), an opinion authored by then Circuit Judge Scalia, the court held that non-expert testimony that a robber used a gun was enough to justify a conviction under § 924(c) even though the weapon used by Parker in the bank robbery was not drawn but was stuck in the robber's waistband, id. at 1383. In that case, as here, the gun was not recovered and there was no evidence that the gun was fired. The government's evidence consisted only of testimony from two bank employees who testified that Parker carried a gun with which he threatened to "blow their heads off." Id. at 1383. One employee described the gun as "silver" with a "vinyl-looking" brown handle, and the other testified that she saw the brown handle of a small pistol. Id.

In rejecting Parker's challenge to the evidence, the court held that the testimony of the two bank employees was sufficient to support Parker's § 924(c) conviction. The court analogized Parker's case to United States v. Marshall, 427 F.2d 434 (2d Cir. 1970), where the court held that eyewitness testimony that two bank robbers brandished a silver revolver and a sawed-off shot gun was sufficient to convict the defendants

under the federal bank robbery statute, 18 U.S.C. § 2113(d), which provides for an enhanced sentence for those convicted of jeopardizing the life of any person "by use of a dangerous weapon." See also United States v. Jones, 34 F.3d 655 (8th Cir. 1994) (upholding conviction for use of a firearm during an assault on a federal officer based on testimony of two trained law enforcement officials that they saw a gun at close range for an extended period of time, although they could not have determined that it was a real gun, as opposed to a toy or replica).

In United States v. Kirvan, 997 F.2d 963 (1st Cir. 1993), a case arising under the same statute at issue here, 18 U.S.C. § 924(c), the court sustained the conviction although no gun was produced at trial. As here, in Kirvan there was only eyewitness testimony that the defendant brandished a gun during the commission of his crime. One witness testified that the gun was black and had a five-inch barrel while another witness testified that the gun appeared to be shiny and silver in color, and that it was very large for a handgun. The appellate court held that the jury's conclusion that the object was a real gun could not be deemed irrational since the description of the gun was of "plausible size, colored like a real gun, and quite heavy." Id. at 966. The court also noted that "while a good replica might still fool a witness at a distance, the chances decline, where, as here, the witness saw the gun, stationary and at a close distance, for at least half a minute." Id.; see alsoUnited States v. Taylor, 54 F.3d 967, 975 (1st Cir. 1995) (holding that lay opinion testimony from three eyewitnesses to a bank robbery, each of whom observed the object gripped by the defendant at close range was sufficient to sustain a finding that the object was a real gun); United States v. Jones, 907 F.2d 456, 460 (4th Cir.) (upholding § 924(c) conviction based upon testimony from five eyewitnesses), cert. denied, 498 U.S. 1029 (1990).

Beverly emphasizes that after the jury in this case rendered its verdict, the trial judge expressed "considerable doubt" as to whether the evidence sufficed to uphold the guilty verdict on Count Two, and advised Beverly's counsel to file a motion for judgment of acquittal on that Count. App. at 305. However, the trial court, after considering Beverly's timely Rule 29 Motion for judgment of acquittal on Count Two, denied the motion.

We find no error in this ruling. McCullough saw the gun on two different occasions, decreasing the likelihood that he was mistaken as to the authenticity of the weapon. Additionally, McCullough's close proximity to Beverly while he brandished the weapon further diminishes the possibility that the object he was threatened with was anything other than a firearm. The defendant's own expert psychologist testified that, in the presence of a gun, the tendency of the victim is to concentrate attention on the gun instead of on the face of the assailant. App. at 248-49. Considering this testimony, McCullough had ample time to view the weapon while he was in the defendant's car. Finally, Beverly threatened McCullough's life numerous times

during the course of the robbery. McCullough's testimony was sufficient evidence for a jury to conclude that the defendant utilized a firearm in the commission of his crime. "'The act of threatening others with a gun is tantamount to saying that the gun is loaded and that the gun wielder will shoot unless his commands are obeyed'." Parker, 801 F.2d at 1384 (quoting Marshall, 427 F.2d at 437).

We agree with the district court that the evidence presented, when considered in the light most favorable to the government, was a sufficient basis for a reasonable jury to find that Beverly utilized a firearm in the commission of a violent crime, in violation of 18 U.S.C. § 924(c). We will therefore affirm the judgment of conviction.