

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2003

# USA v. Lawton

Precedential or Non-Precedential: Non-Precedential

Docket 02-2726

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Lawton" (2003). *2003 Decisions.* Paper 642.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/642

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-2726

———————

UNITED STATES OF AMERICA

v.

DAVID LAWTON,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-cr-00630-1)
District Court Judge: John R. Padova

———————

Submitted Pursuant to LAR 34.1(a)
April 10, 2003

Before: ALITO and FUENTES, Circuit Judges, and PISANO, District Judge[*]

(Opinion Filed: April 17, 2003)

_____

[*]The Honorable Joel A. Pisano, District Judge for the District of New Jersey, sitting
by designation.

OPINION OF THE COURT

PER CURIAM:

After trial, a jury found the defendant guilty of violation of and conspiring to violate

the Hobbs Act, 18 U.S.C. §1951(a), and carrying a firearm in relation to the commission of

a crime of violence, 18 U.S.C. §924(c)(1)(A). Following sentencing, the defendant filed a

timely appeal to this Court.

The defendant asks this Court to reverse the conviction under 18 U.S.C.

§924(c)(1)(A), alleging that the government failed to prove possession of a firearm beyond

a reasonable doubt. The statute of conviction provides that

> [A]ny person who, during and in relation to any crime of violence . . . for
> which the person may be prosecuted in a court of the United States, uses or
> carries a firearm . . . [shall be punished as set forth in the section].

Id. The statute defines a "firearm" as a weapon that "will or is designed to or may readily be

converted to expel a projectile by the action of an explosive . . . ." 18 U.S.C. §921(a)(3)(A).

When reviewing the sufficiency of the evidence to support a guilty plea, this Court

has stated that

> '[i]t is not for us to weigh the evidence or to determine the credibility of the
> witnesses.' . . . Rather, we must view the evidence in the light most favorable
> to the government, . . . and will sustain the verdict if 'any rational trier of fact
> could have found the essential elements of the crime beyond a reasonable
> doubt.' . . . Thus, 'a claim of insufficiency of the evidence places a very heavy
> burden on an appellant.'

United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (citations omitted).

The circumstances of the instant case are similar to those involved in United States v.

Beverly, 99 F.3d 570 (3d Cir. 1996), in which we determined that the government had provided the proof requisite to sustain a conviction under 18 U.S.C.§924(c)(1)(A). In Beverly, "the only evidence presented with respect to the firearms charge was the testimony of [the victim] that [the perpetrator] threatened him with a gun during the course of the robbery, and that the gun, which was displayed in the car, was a chrome-plated revolved." 99 F.3d at 572. In Beverly, the victim claimed no expertise in identifying firearms, and we relied on United States v. Marshall, 427 F.2d 434, 437 (2d Cir. 1970), in rejecting the argument that a firearms conviction may be sustained only through testimony by persons knowledgeable about firearms. Beverly, 99 F.3d at 572.

Evidence in the instant case was superior to the proof presented, and subsequently declared sufficient by this Circuit, in Beverly. The victim in this case had extensive experience with firearms, both as part of his prior military service and as a gun collector, App. A-36-37; A-48, while the victim in Beverly had no such experience. The victim in the present case also testified that he had a clear view of the weapons at close range. Similarly, the victim in Beverly had "ample time to view the weapon" allegedly carried by his assailants. 99 F.3d at 573. Additionally, the victim in the instant case testified that he heard one of the perpetrators state "we ought to blow him away so there's no witnesses." App. A-58. As this Court stated in Beverly, "'the act of threatening others with a gun is tantamount to saying that the gun is loaded and that the gun wielder will shoot unless his commands are obeyed.'" 99 F.3d at 573 (citing United States v. Marshall, 427 F.2d 434, 437 (2d Cir. 1970)). While in the instant case the perpetrator's statement was not a direct threat, the

-3-

perpetrator's words lend credence to the allegation that he or his partner was carrying a weapon capable of "blow[ing the victim] away." App. A-58. Finally, the victim's reaction to the fleeing perpetrators–retrieving a hidden weapon and emptying the weapon in their direction–bolsters his allegation that he believed he was truly threatened by persons carrying weapons. App. A-58, A-48-49. Neither <u>Beverly</u> nor the statute require that the gun actually be fired or otherwise actively used in the commission of the offense; the mere carrying of the weapon is sufficient to sustain a conviction. <u>See</u> 99 F.3d 570 (3d Cir. 1996); 18 U.S.C. §924(c).

Based on the foregoing, we affirm the judgment of the District Court, finding that the verdict on the firearms count was sufficiently supported by the evidence.