

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-26-2006

# USA v. Lamour

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lamour" (2006). *2006 Decisions.* Paper 24.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/24

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4961
_____

UNITED STATES OF AMERICA

v.

OBENS LAMOUR
a/k/a "ROB"

Obens Lamour,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 03-cr-00022-1)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2006

Before:  FISHER and CHAGARES, *Circuit Judges*,
and BUCKWALTER,* *District Judge*.

(Filed:    December 26, 2006)
_____

OPINION OF THE COURT
_____

---

*The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

BUCKWALTER, *District Judge*.

On August 3, 2005, following a trial by jury which began on August 1, 2005, Obens Lamour was found guilty of Armed Bank Robbery (18 U.S.C. § 2113(a) and (d)); Conspiracy to Commit Armed Bank Robbery (18 U.S.C. § 37); and Brandishing a Firearm During a Crime of Violence (18 U.S.C. § 924(c)(1)).

On November 3, 2005, he was sentenced to an aggregate term of imprisonment of 130 months. We have jurisdiction pursuant to 28 U.S.C. § 1291. For reasons which follow, we will affirm the conviction.

## I.

The trial testimony in this case consisted primarily of:

(1)     Two bank employees, both of whom identified Lamour[1] as the person carrying a gun which looked like a real gun and taking money from the bank;

(2)     Co-conspirator Cornell Tribbitt who described Lamour as one of the two men who went inside the bank. He also testified that later in the day after the bank robbery, Lamour showed him his gun, a .40 caliber weapon;

(3)     Lamour himself who testified that he was forced to participate in the robbery by threats that he would be shot if he did not (SA:215); and

(4)     The surveillance tape admitted into evidence showing Lamour in the bank at various locations.

---

[1]The one teller said that Lamour seems to resemble the gunman but was not sure.

## II.

There are no non-frivolous issues presented for review. Counsel for Lamour has filed an <u>Anders</u> brief pursuant to our Local Appellate Rule 109.2(a), together with a motion to withdraw which we will grant. Lamour has filed a *pro se* "Formal Brief for *Pro Se* Appellant" and a "Formal Reply Brief for *Pro Se* Appellant."

Initially, we note that the evidence was sufficient to support the convictions on all counts, based upon a review of that evidence in the light most favorable to the prosecution. *United States v. Messerlian*, 832 F.2d 778, 789 (3d Cir. 1987) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The verdict must be sustained if "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789).

Secondly, our review of the issues raised by Lamour in the briefs he filed on his own behalf leads to the conclusion that they are all without merit.[2]

---

[2]Lamour in his *pro se* brief devotes a considerable amount of argument to the testimony regarding the gun allegedly used during the robbery. While it is correct that no gun was ever found by the prosecution and introduced into evidence, as pointed out in *U.S. v. Beverly*, 99 F.3d 570, 572, the production of the actual gun is not necessary. Testimony regarding a gun and describing it is sufficient to sustain a conviction. In this case, the one teller testified (SA:126):

Q. At any time did you manage to get a look at the gunman's face?
A. Not that clearly.
Q. Why not?
A. Because I was too preoccupied with the gun and what was happening.
Q. Now, had you seen a gun before October 4, 2002?
A. Yes. I've seen guns before.

First, he claims that the aiding and abetting instruction given by the District Court constituted an improper amendment to the indictment. Actually, the charge was listed in Count One (SA:27) of the indictment and the charge regarding it was proper.

Second, Lamour stated the trial judge allowed the prosecutor to use a myriad of improper methods calculated to produce an unfair trial. It appears that this myriad of improper methods is primarily directed at the manner in which the government presented identification testimony and, according to Lamour, improperly vouched for the credibility of a witness.

As to the identification testimony, a review of the trial testimony reveals no improper or suggestive identification procedures. It does reveal that there was some discrepancy in the testimony of the one teller who identified the defendant and the detective who showed her the photo array. The teller said she was shown two photo arrays, but the detective testified to only one. (Actually, the fact of Lamour being in the bank is admitted by him in his testimony, albeit he claims coercion).

---

Q. Have you handled guns before?
A. Yes, I have.
Q. Have you shot them before?
A. Yes, I have.
Q. What type?
A. Let's see. I've shot a Ruger .357.
Q. Okay. Did this gun look like a real gun to you?
A. It looked real to me.

In addition, there was the testimony of another teller who responded "yes" to the question, "Did it look like a real gun?" (SA:97). Tribbitt, one of the co-conspirators also testified about Lamour's possession of a real gun on the day of the robbery. (SA:170, 181).

Next, Lamour is mistaken when he suggests improper "bolstering the credibility of the star witness" (*pro se* brief p. 15).  The argument of the government in this regard (SA:270) was a proper reference to matters the jury should consider in weighing credibility and no personal opinion was expressed.

Third, Lamour in his *pro se* brief alleges violation of his right to a speedy trial under the Sixth Amendment.  He also alleges Fourth and Fifth Amendment violations.

With regard to the Sixth Amendment issue, Lamour does not contest the facts alleged in the government's brief; namely,

(1) He was a fugitive until his arrest in Louisiana on March 1, 2005.

(2) On March 3, 2005, he was ordered detained and transferred back to Delaware.

(3) On March 24, 2005, he made his initial appearance in the District of Delaware.

(4) On March 31, 2005, he was ordered detained pending trial.

(5) On March 31, 2005, he was arraigned and requested and received until May 19, 2005 to file pretrial motions.

(6) Time was excluded under the Speedy Trial Act until June 6, 2005.

(7) On June 6, 2005, the District Court held a status conference.  Defense counsel advised the court that his client was possibly interested in a plea and requested additional time.

5

(8)     The District Court granted an extension until July 7, 2005 and this additional time was excluded until July 7, 2005, the date of the next status conference.

(9)     On July 7, 2005, the District Court set the trial date for August 1, 2005 and excluded time under the Speedy Trial Act until that date at which time the trial began.

There is no Sixth Amendment or Speedy Trial Act violation based upon those facts.

Lamour's alleged Fourth and Fifth Amendment violations have no support in the record. There was no evidence seized from defendant or post-arrest statements taken.[3]

**III.**

Based upon the foregoing analysis, we will affirm the judgment of the District Court. We also grant the motion of counsel to withdraw.

---

[3]Lamour also makes several claims of ineffective assistance of counsel, matters which may not ordinarily be raised on direct appeal.